IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02362-WYD-MEH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 24.8.43.65,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on October 16, 2013.**

    Before the Court is Defendant John Doe's Motion to Quash Subpoena and Sever Claims [filed October 11, 2013; docket #15]. The Court also construes the motion as seeking a protective order.

    Due to its varied requests for relief, adjudication of the single motion will likely require several different standards of review and legal analyses of both dispositive and non-dispositive issues. In the interests of judicial efficiency and the proper management of its docket, the Court **denies** the motion **without prejudice** and instructs the Defendant to file his requests for relief each in separate motions, as applicable. *See* D.C. Colo. LCivR 7.1C ("A motion shall be made in a separate paper.")

    Further, the Court notes that Defendant failed to file with his motion to quash a copy of the challenged subpoena. Therefore, if Defendant chooses to re-file his motion, he is instructed to file a copy of the challenged subpoena with the motion.

    Finally, the Court notes Defendant's failure to comply with Fed. R. Civ. P. 11(a), which states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that Defendant John Doe seeks to proceed in this litigation anonymously. However, he has failed to properly seek permission from the Court

to do so.[1]  *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment").  Therefore, if Defendant John Doe wishes to re-file his motion in accordance with this order and all applicable local and federal court rules, he may do so **on or before October 31, 2013** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).[2]  With such filing, Defendant must provide to the Court his name, address, telephone number and email address in the form of a separate written "supplement" to the motion.  If Defendant wishes to keep this supplement (containing his identifying information) confidential, he may file a motion to file the supplement under restriction pursuant to the procedure set forth in D.C. Colo. LCivR 7.2.  The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

---

[1] Although Defendant seeks a protective order to keep the Plaintiff from revealing [his] personally identifying information, Defendant must file such motion separately and must comply with D.C. Colo. LCivR 7.1C ("a motion ... shall be supported by a recitation of legal authority incorporated into the motion").

[2] In addition to compliance with Rule 11, the Court also notes the necessity of having such information for the proper and efficient management of its docket.

2