**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:13-cv-02362-WYD-MEH

MALIBU MEDIA, LLC,

      Plaintiff,

v.

JAMES BOOTH,

      Defendant.

_____/

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM FOR DECLARATORY RELIEF AND MOTION TO STRIKE AFFIRMATIVE DEFENSES**

### I.   INTRODUCTION

Defendant insinuates throughout his opposition brief that this case is about child pornography.  It is not.  Every individual in Plaintiff's films are of legal age and Plaintiff takes great care to ensure compliance with all U.S. laws regulating its business.  Defendant's attempt to insinuate otherwise is a flagrant distortion of the case and offensive.  Defendant's Answer and Opposition to Plaintiff's Motions rely on the flawed assertion that violations of 18 U.S.C. § 2257 ("Section 2257") provide a basis to bar a copyright holder from claiming the protections of the Copyright Act.  Defendant's argument fails as a matter of law.  Indeed, compliance with Section 2257 is not a prerequisite to obtaining copyright protection and for the Court to hold otherwise would be reversible error.  Moreover, Section 2257 has no bearing on Defendant's affirmative defenses and the affirmative defenses regarding IPP are equally erroneous.  For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Dismiss and Motion to Strike.

## II.    PLAINTIFF'S MOTIONS SHOULD BE GRANTED

### A.  Your Honor Recently Granted a Similar Motion to Strike

Just one week ago Your Honor granted a similar motion filed by Plaintiff in another case in which the defendant attempted to assert a "2257 defense."  In *Malibu Media, LLC v. Jeremiah Benson*, 1:13-cv-02394, using the same exact language as the Defendant in the instant matter, Benson attempted to argue "[i]f any of the sexually explicit films featuring young-looking girls at issue here were feloniously produced in violation of the strict record-keeping requirements of 18 U.S.C. § 2257 *et seq*. and its related regulations . . . then the Court should not enforce copyright monopolies for such films."  *Id.* at CM/ECF 38, p. 5.  *See also* Defendant's Consolidated Opposition in this case, CM/ECF 52, at pp. 6-7.  Rejecting this argument, Your Honor correctly held the defense should be stricken as redundant and improper.  *Benson*, CM/ECF 38, at pp. 6-7 ("the Court finds that the defense should be <u>stricken based on its redundancy</u> . . . . the <u>defense of 'illegality' is not properly involved</u> in a copyright action.").  Your Honor further held, "Plaintiff fixes a facially valid notice under Section 2257 to every page of its website . . . and the only way to obtain material from the Plaintiff is by accessing a web page on which such notice appears."  *Id.*  Further, as stated in Plaintiff's Motion and reiterated below, 2257 is a criminal statute and "this Court is wary of a defense for which the Court is asked to, and necessarily must, adjudicate in a civil case whether the opposing party engaged in violations of criminal statutes."  *Id.*  Moreover, similar to the instant case, "Defendant's comments that the works at issue here may have been 'feloniously produced' is pure speculation and, by Defendant's own admission, lacking in any factual basis."  *Id.*

The exact same defense and arguments in support of the defense that were denied in *Benson* are asserted in the instant case.   "Accordingly, the Court must conclude that Defendant's . . . defense cannot succeed in this case under any circumstance . . . ." and should strike the affirmative defenses that rely on this argument and dismiss Defendant's counterclaim.   *Id.* at p. 9.   Indeed, defense counsel acknowledges that if the affirmative defenses do not survive Plaintiff's Motion, the counterclaim cannot either.   "Since the relevant affirmative defenses are currently stricken, no counterclaim, as alleged in the Answer . . . practically survives."   *Malibu Media, LLC v. John Doe*, 1:13-cv-03707, CM/ECF 28, at p. 1 (N.D. Ill. January 15, 2014) (not opposing Plaintiff's motion to dismiss an identical counterclaim).

## B. Defendant's Counterclaim Should be Dismissed Because it is Redundant and the Affirmative Defenses Cannot Survive as Standalone Counts

As shown in Plaintiff's Motion to Dismiss, Defendant's counterclaim is repetitious and unnecessary.   The Honorable Judge Shadur struck nearly identical answers and counterclaims filed by this same defense counsel in nearly identical cases.   *See Malibu Media, LLC v. John Doe*, 13-C-2702, 13-C-8473, Transcript of Proceedings Before the Honorable Milton I. Shadur, (N.D. Ill. Dec. 9, 2013), Ex. A.   "[A] Counterclaim is not just there to assert the reverse of an answer . . . you can't just mirror a complaint by turning the allegations around."   *Id*.   Section 2257 does not save Defendant's counterclaim. Indeed, Section 2257 does not provide for a private cause of action.   Thus, even if Plaintiff violated Section 2257, and it did not, it cannot be held liable to Defendant and, as discussed below, such liability would not absolve Defendant of his infringing acts.

Citing no authority, Defendant argues that "the particular affirmative defenses alleged would be relevant not just in this case, but in hundreds if not thousands of other Malibu Media cases nationwide, and could be tried separately." Defendant's Opposition ("Oppo."), CM/ECF 52, at p. 10. Defendant's argument is erroneous. This litigation is only "concerned with adjudicating the rights of these particular parties." *Malibu Media, LLC v. Doe 1*, 2012 WL 6681990, at *4 (D. Md. 2012). "The Declaratory Judgment Act . . . 'is not intended to provide a forum for establishing the legal relations between declaratory defendants and 'all the world' '; rather, it only permits courts to clarify or settle 'the legal relations of the parties[.]'" *Id.* (granting Malibu Media's motion to dismiss declaratory relief counterclaim). Defendant's argument that "even if Malibu Media attempts to dismiss this suit unilaterally, the Court has discretion to adjudicate these affirmative defenses separately," is wrong. Oppo., p. 25. Unclean hands, copyright misuse, estoppel, and implied license are not standalone counts that can survive dismissal of this action and cannot be separately adjudicated to establish the legal relations between Plaintiff and "all the world."

### C. Alleged Failure to Maintain Accurate Records Under Federal Statute is Not a Defense to Copyright Infringement

The Copyright Act does *not* limit copyright protection to only those entities that are in compliance with federal record keeping statutes. Defendant's argument seeks to add this requirement to the Copyright Act's express definition of what is copyrightable. Specifically, Defendant argues that Plaintiff *may* not be keeping compliant 18 U.S.C. § 2257 records ("2257 Records"). From this speculative premise Defendant erroneously asserts that if Plaintiff is not keeping compliant 2257 Records then its works are not

entitled to copyright protection. *See* Oppo., pp. 6-7.  As explained below, Defendant's argument fails as matter of law.

To require Plaintiff to comply with a record keeping statute prior to enforcing a copyright would violate the basic tenant that Courts must "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29, 118 S. Ct. 285, 290, 139 L. Ed. 2d 215 (1997).  Thus, even if Plaintiff's 2257 records are noncompliant – and they **are not** –  Plaintiff's copyrights are valid and enforceable.  In short, Defendant's purported "2257 defense" is not a legally cognizable defense and fails as a matter of law.

### D. Plaintiff's Works Are Entitled to Copyright Protection Under the Copyright Act

"No works are excluded from copyright by reason of their content." 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 2.17 (2008), *citing Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F.2d 852, 863 (5th Cir. 1979) ("*Mitchell Brothers*").  Sound policy reasons support the "Congressional intent to avoid content restrictions on copyrightability." *Id*. at § 2.17.  In *Belcher v. Tarbox*, 486 F.2d 1087, 1088 (9th Cir. 1973), the 9th Circuit rejected the argument that false and fraudulent text was not copyrightable.  The *Belcher* Court held: "[t]here is nothing in the Copyright Act to suggest that the courts are to pass upon the truth or falsity, the soundness or unsoundness, of the views embodied in a copyrighted work. The gravity and immensity of the problems, theological, philosophical, economic and scientific that would confront a court if this view were adopted are staggering to contemplate." *Id.*

In *Mitchell Brothers*, following the acceptance of the affirmative defense by the trial court, the Fifth Circuit reversed, holding there is not even a hint in the Copyright Act

that the obscene nature of a work makes it less copyrightable.  *Id.*  The *Mitchell Brothers* Court then noted that the historical absence of any content-based restrictions in copyright law demonstrated that "Congress has seldom added restrictions on copyright based on the subject matter of the work, and in each instance has later removed the content restriction."  *Id.*, at 855.  Such congressional "additions and subsequent deletions," "suggest that Congress has been hostile to content-based restrictions on copyrightability."  *Id*

Three years later in *Jartech, Inc. v. Clancy*, 666 F.2d 403 (9th Cir. 1982) ("*Jartech*"), the 9th Circuit also rejected the argument that obscene works are not entitled to copyright protection.  The *Jartech* decision elucidated an additional, pragmatic reason to avoid an obscenity defense to copyright infringement, "obscenity is a community standard . . . Acceptance of an obscenity defense would fragment copyright enforcement, protecting registered materials in a certain community, while, in effect, authorizing pirating in another locale."  *Jartech*, 666 F.2d at 406.

"[T]oday's conventional wisdom 'is that copyright law no longer concerns itself with the underlying morality or legality of works when determining their eligibility for copyright."  *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 198 (N.D. Ill. 2013).  Indeed, "even illegality is not a bar to copyrightability."  *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012).  *See also United States v. Arndt*, 2010 WL 384890, at *5 (W.D. Mo. 2010) (although alleged child pornography on defendant's computer may be copyrightable, Defendant was not shielded from criminal prosecution).  Further, the Ninth Circuit held, in *Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 991 (9th Cir. 2009), that "[t]he *Mitchell/Belcher* principle leads to the conclusion that illegal

operation of a copyrightable work neither deprives the work of copyright protection nor precludes generally available remedies." *Id.*

The above clearly demonstrates that there are no content based restrictions on which works may obtain copyright protection.  The Copyright Act sweeps broadly and affords protection regardless of content or use, even if illegal.  In light of the foregoing, it is clear that the legislature did not intend for those protections to be denied based on an assertion of purported noncompliance with another unrelated federal law.

### E.  Defendant's 2257 Argument Has No Bearing on an Unclean Hands or Copyright Misuse Defense

There is no authority supporting the assertion that "if Malibu has unlawfully produced the copyrighted works at issue, then the court is within its discretion to allow an equitable, judicial defense to infringement based on Malibu's alleged wrongdoing." Oppo., at p. 21.  18 U.S.C. § 2257 is not a basis to defend against Plaintiff's claim. Defendant's purported "2257 defense" is not a legally cognizable defense to Plaintiff's cause of action and fails as a matter of law.  Therefore, the Court must strike those affirmative defenses which rely on it and dismiss Defendant's Counterclaim seeking to have the affirmative defenses declared valid.

"In copyright actions, the doctrine of unclean hands is only applied where the wrongful acts 'in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication.'" *Malibu Media, LLC v. Ryder*, 2013 WL 4757266, at *3 (D. Colo. 2013).  Here, Defendant's purported 2257 defense, has no bearing on "the equitable relations between the parties in respect of something brought before the court for adjudication." *Id.*  To wit: the only thing before the Court for adjudication is Defendant's use of BitTorrent to infringe Plaintiff's

copyrighted works.  Plaintiff's 2257 Records have no bearing on Defendant's BitTorrent infringement.  The records are simply not relevant to the determination of whether or not Defendant is liable to Plaintiff for infringement of its copyrighted works through the BitTorrent file sharing protocol.

As to Defendant's copyright misuse affirmative defense, Defendant argues that "the kind of artistic expression intended to be incentivized under the Copyright Act does not extend to promoting child pornography.  Nor would such 'speech' be protected under the First Amendment."  Oppo., at p. 24.  First, Plaintiff's copyrighted films are *not* child pornography and, as pointed out above, Defendant has not alleged that they are since he cannot do so and still comply with Fed. R. Civ. P. 11.  Next, the doctrine "forbids the *use* of a copyright to secure an exclusive right or limited monopoly not granted by the copyright office and is contrary to public policy to grant."  *Home Design Servs., Inc. v. B & B Custom Homes, LLC*, 2008 WL 2302662 at *1 (D. Colo. 2008).  A purported violation of 18 U.S.C. § 2257, has nothing to do with how Plaintiff's copyrighted works are being used.  Thus, Defendant's insufficient copyright misuse and unclean hands affirmative defenses fail as a matter of law.

### F.  Defendant Has Failed to Plead Estoppel and Implied License

The Court should strike Defendant's affirmative defenses of estoppel and implied license because Defendant cannot succeed on either defense under any circumstances.  In copyright cases, estoppel requires four elements, as laid out by Plaintiff in its Motion to Strike.  *See Wood v. Cendant Corp.*, 2006 WL 964749 (N.D. Okla. 2006) citing *Carson v. Dynegy,* 344 F.3d 446, 453 (5th Cir.2003).  Defendant did not plead estoppel because Defendant has not, and cannot, allege that *Malibu knew* of

the alleged "honey pot" and induced him to rely on such action to his detriment.  Oppo.,

p. 24.  Indeed, Defendant admits in his opposition that he does not have any evidence

that the "honey pot" even existed.  Oppo., at p. 13 ("although defendant is *not yet clear*

on the specifics, there are documents, in German, about the proceedings") (not

attaching any documents) (emphasis added).  S*ee also id*., at p. 25 ("Defendants will

undoubtedly be following up on the whole Guardaley episode in Germany, but see no

reason to put discovery on hold to re-plead the facts related to that incident").

　　　For the same reason, Defendant has not pled the elements of an implied license

and cannot do so on a good faith basis.  Neither Plaintiff nor IPP "provided a copy of the

file[s] to the defendant."  Oppo., at p. 26.  Indeed, Defendant denies having committed

the infringement.  And, even if this was not the case, Defendant cannot allege that the

copies of the works he downloaded were received from IPP or Plaintiff directly, as

opposed to the numerous thousands of others who illegally distribute Plaintiff's content

daily.   "If a defendant cannot articulate the reasons that affirmative defenses apply to a

dispute, it is costly, wasteful, and unnecessary to force plaintiffs to conduct discovery

into those defenses."  *Dodson v. Strategic Restaurants Acquisition Co. II, LLC*, 289

F.R.D. 595, 602 (E.D. Cal. 2013).  Plaintiff would never allow IPP or anyone else to ever

seed its works on BitTorrent.  This is antithetical to the work Malibu does.  Plaintiff

should not be required to incur unnecessary expenses litigating such frivolous defenses

and Defendant should not be allowed to engage in a baseless and harassing fishing

expedition.

### G. Defendant's Remaining Affirmative Defenses Should be Stricken

Defendant's Tenth Affirmative Defense fails because Defendant cannot prove that Plaintiff engaged in conduct "that amounted to an assurance to the defendant, express or implied, that plaintiff would not assert his ... rights against the defendants." *Nat'l Football League v. Rondor, Inc.,* 840 F. Supp. 1160, 1167 (N.D. Ohio 1993) quoting *Elvis Presley Enterprises, Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991).   No assurance was made to Defendant either expressly or impliedly that he could use BitTorrent to infringe Plaintiff's works.   Defendant's argument that "Malibu has been aware of BitTorrent usage for alleged infringement since at least 2012," does not save his defense.   Oppo. at p. 26.   The Copyright Act has a three year statute of limitations in which a copyright holder may bring suit and Plaintiff is not required to file suit immediately after learning of an infringement.

Finally, as to Defendant's Thirteenth Affirmative Defense (laches), Defendant "has provided no information to allow this Court to determine whether the present case is one of those 'rare cases'" in which a statute of limitations may be cut short by the doctrine of laches.   *Malibu Media, LLC v. Andy Zuercher*, 1:13-cv-01538, CM/ECF 38 pp. 6-7, (D. Colo. February 27, 2014).

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant Plaintiff's Motion to Strike and Motion to Dismiss.

Dated:  April 18, 2014

Respectfully submitted,
By: /s/*Jason Kotzker*
Jason Kotzker
jason@klgip.com
KOTZKER LAW GROUP
9609 S. University Blvd. #632134
Highlands Ranch, CO 80163
Phone: 720-330-8329
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:  /s/ *Jason Kotzker*